UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-04531-RSWL-MAA Date: June 24, 2021

Title: James Smith v. Ron Broomfield, Warden

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order re: Filing of Petition

## Background

On June 1, 2021, the Court received and filed Petitioner James Smith's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) The Petition alleges one ground for federal habeas relief, claiming as follows: "Petitioner is being denied his liberty interest right from being subjected [to] a term of imprisonment that is disproportionate to his individual culpability amounting to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment[s] secured to him under the United States Constitution." (*Id.* at 5.)[1]

Petitioner was convicted of first-degree murder in 1989 and sentenced to a term of twenty-five years to life in prison. (Pet. 2.)[2] In July 2017, after a holding a youth offender parole hearing, the State of California Board of Parole Hearings ("Parole Board") denied Petitioner release on parole for a period of five years. (*See id.* at 32–145 (July 27, 2017 Parole Hr'g Tr.).) Petitioner then unsuccessfully challenged this parole denial in state habeas proceedings. On February 26, 2018, the

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

[2] The Court takes judicial notice of the state court proceedings relating to the instant Petition. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

---

Los Angeles County Superior Court denied Petitioner's habeas petition.  (*Id.* at 160–70.)  The California Court of Appeal denied habeas relief on May 11, 2018.  (*Id.* at 171.)  On August 10, 2018, the Court of Appeal denied a second petition which it construed as "substantially identical" to the petition the Court denied on May 11, 2018.  (*Id.* at 172.)  On March 30, 2021, the California Supreme Court denied Petitioner's habeas petition.  (*Id.* at 173.)

It is unclear whether the instant Petition challenges (1) the Parole Board's 2017 denial of parole, (2) Petitioner's 1989 conviction and sentence, or (3) both the 2017 parole denial and the 1989 criminal judgment.  On the portion of the Petition which requires Petitioner to check a box stating whether the Petition concerns (1) "a conviction and sentence[,]" (2) "prison discipline[,]" (3) "a parole problem[,]" or (4) "Other[,]" Petitioner checked the box stating "Other" and typed in "Disproportionate Term of Incarceration."  (Pet. 2.)  Petitioner's legal arguments also do not clarify whether he is challenging the 2017 parole denial, the 1989 judgment, or both.  (*See id.* at 5–28.)  Accordingly, the Court needs further information from Petitioner before this action may proceed.

In the event that Petitioner is challenging his 1989 criminal judgment, the Petition appears to be unexhausted.  The Court **ORDERS** Petitioner to file a response (1) clarifying whether he is challenging his 1989 judgment and (2) if so, responding to the exhaustion issue, by no later than **July 26, 2021**.

## Discussion

Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be either wholly unexhausted or "mixed" because Petitioner has not exhausted any claims challenging his 1989 judgment of conviction.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if

the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds. *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Moreover, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Here, to the extent Petitioner challenges his 1989 judgment—as opposed to the Parole Board's 2017 parole denial—the Petition appears to be unexhausted on its face. Petitioner states that he did not appeal his judgment of conviction to the California Court of Appeal or file a petition for review in the California Supreme Court, and also states that he has not filed any habeas petitions in state court related to this judgment of conviction. (Pet. 2–3.) Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court. *See Gatlin*, 189 F.3d at 888. Because any claims challenging the 1989 judgment are unexhausted, the Petition appears to be subject to summary dismissal without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond. Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court. Petitioner shall respond to this Order to Show Cause in writing by no later than **July 26, 2021**. Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) Notice of Withdrawal. Pursuant to Federal Rule of Civil Procedure 15(a)(1), Petitioner may voluntarily amend his Petition to remove the unexhausted claims. Petitioner may effect this amendment by filing a notice of withdrawal of his unexhausted claims. Petitioner's notice should identify the grounds on which he seeks to proceed.

(2) Request for *Rhines* Stay. Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition. He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim. Finally, he must demonstrate

>    to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.
>
> (3) <u>Request for *Kelly* Stay</u>.  Petitioner may file a request for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Following the *Kelly* procedure, Petitioner would dismiss his unexhausted claims, but the Court would be empowered to stay his remaining fully exhausted claims while he returned to the California courts to exhaust his dismissed claims.  *See Kelly*, 315 F.3d at 1070–71.  **The *Kelly* procedure, however, carries the risk that a newly exhausted claim will be time-barred by the time a petitioner returns to federal court**.  *See King v. Ryan*, 564 F.3d 1133, 1040–41 (9th Cir. 2009).  If a newly exhausted claim is time-barred, it can be appended to the Petition only if it shares a "common core of operative facts" with the claims in the Petition.  *See Mayle v. Felix*, 545 U.S. 644, 659 (2005).
>
> (4) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order by July 26, 2021 will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.