O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SMITH,<br><br>           Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden,<br><br>           Respondent. | Case No. 2:21-cv-04531-RSWL (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("Report") of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.  For the following reasons, Petitioner's Objections (ECF No. 15) are unpersuasive.

    Petitioner objects that the Report was "an unreasonable application of clearly established case law from finding Petitioner to be [a] 20 year old adult at the time of the crime in one breath, and, in another breath, finding that California law defines any person under 26 years of age as [a] "Youth Offender."  (ECF No. 15 at 1.)  As the Report stated, however, United States Supreme Court precedent, which constitutes clearly established federal law, sets the relevant age at 18 years.  (ECF No. 12 at 12 n.3 (citing *Miller v. Alabama*, 567 U.S. 460, 465 (2012).)

Petitioner objects that the denial of parole has resulted in him serving 37 years in prison, which is a constitutionally excessive sentence. (ECF No. 15 at 3-4.) As the Report stated, however, the denial of parole does not "transform a lawfully-imposed indeterminate sentence into a sentence that constitutes cruel and unusual punishment." (ECF No. 12 at 10-11 (collecting cases).)

Petitioner objects that he "has stated a prima facie case based upon the amount of time he has already served is excessive and amounts to cruel and unusual punishment with the comparison of all fifty (50) states for a 20 year youth offender at the time of the crime." (ECF No. 15 at 5.) As the Report stated, however, Petitioner's sentence did not raise an inference of gross disproportionality. (ECF No. 12 at 11-12.) It follows that comparisons with other jurisdictions is not constitutionally required. *See Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) ("A better reading of our cases leads to the conclusion that intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.") (conc. op. of Kennedy, J.); *Taylor v. Miles*, 747 F. App'x 601, 602 (9th Cir. 2019) ("Because we do not find an inference of gross disproportionality, an intra- and inter-jurisdictional comparison of sentences is not required.").

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered granting Respondent's Motion to Dismiss and dismissing this action with prejudice.

DATED: May 3, 2022

                                            */S/ RONALD S.W. LEW*
                                               RONALD S.W. LEW
                                      UNITED STATES DISTRICT JUDGE